Joseph Cracco v. Douglas Vance My name is Elizabeth Krasnow and I am going to be arguing on behalf of the District Attorney. This case presents a claim that this court has heard before, of vagueness challenged to New York's gravity knife statute, which, while it remained the law, prohibited the possession of knives that opened via centrifugal force as measured by something called the Ryschlik test. Two years ago in Copeland v. Vance, this court rejected a vagueness challenge to the statute and the court's opinion was based primarily on the failure of the plaintiffs in that case to offer any evidence that the Ryschlik test was actually an unfair standard. In this case, based on nearly an identical record, the District Court reached the opposite result. There's two parts to our appeal, Your Honors. First, we're asking the court to find the sole claim pled against the District Attorney in the complaint moot by virtue of the repeal of the criminal statute on which it's based. And in the alternative, we're seeking reversal of the District Court's opinion based on the legal and factual errors identified in our brief. So first, I'll talk about the issue of mootness. As the court is aware, while this appeal was pending, legislation passed which removed the term gravity knife from the criminal offense of simple possession of a weapon. And although the penal law definition of a gravity knife does remain, there is no longer any operative section in the penal law through which that definition could be invoked to define a criminal offense. But just to be clear, Ms. Krasnow, all of the statutes that criminalized anything to do with gravity knives or enhanced penalties as a result of gravity knives were repealed. Is that right? Yes, Your Honor. So gravity knives, they were removed from certain classifications that are relied on in order to charge offenses, and then they were also removed from sections that independently define a criminal offense. Isn't it true that the definition still prevails in the MTA rules? Well, no, Your Honor. So in a footnote, the plaintiff suggests that police officers might continue to use the RISC-LiC test to enforce administrative regulations that were promulgated by the MTA that apply in the subway. But the problem is, for purposes of mootness analysis, those regulations do not present the same issue as the repealed criminal statute for several reasons that I've argued in my brief. But primarily, and most importantly, Your Honor, the repeal of the criminal statute has caused the NYPD to abandon its reliance on the RISC-LiC test. And I think this makes sense and is, in fact, almost necessitated by the repeal of the criminal And if our governor was that conduct that was once solely identified by means of the RISC-LiC test should no longer be criminal. And so because officers aren't using the test, there's no reasonable likelihood that the plaintiff is again going to be arrested based on its results. And another point I make in my brief, Your Honor, is the regulations are different in scope than the criminal statute. So they apply very broadly to any weapon or dangerous instrument and include a non-exhaustive list of examples that could satisfy that language. And so given this broad language, it's quite possible that a folding knife would be subject to no matter the result of the RISC-LiC test. And so because there is no likelihood that the plaintiff will again face the same injury that was the basis of his claim, this case is moot. Well, Ms. Prezna, something you didn't mention, so maybe I'm mistaken in thinking it's relevant. But this suit is brought against the district attorney, right? Yes, Your Honor. Is it brought against the police department or against any police officer? You're correct, Your Honor, it's not. And originally there were claims, Your Honor, that were pled against the police officer and a Monell claim pled against the city based on the activity of the police department. And those claims were dismissed and they're not the subject of this appeal. That is exactly one of the other points I made in my brief, Your Honor, that when we're in the case, does the district attorney have any role in enforcing the MTA regulations? Well, the reason I focus on the NYPD, Your Honor, is precisely because we don't. This is a street offense. So we prosecute what comes to us in that regard. So we're not riding the subway in plain clothes looking for knives. It's really... Well, whether you're riding the subway or not, it's always the police who are riding the subway and it's always the police in the street who bring the cases to you. What I'm what I'm questioning is, does the district attorney have a role in enforcing the MTA regulations such that to whatever extent the MTA regulations might give rise to some kind of criminal case? Does that is that something that the DA has to do with or not? It's true, Your Honor, that we do we are able to enforce the MTA regulations. But our post-repeal perspective is very similar to the police department. So we don't use the risk look test anymore in any of our charging decisions. First, it's not an element of any claim that we would be looking to charge, and so it's not necessary, but also because we do agree that the clear intent of the legislature and the governor in changing the law was at this time. OK, well, I get that. I get that. But here's here's my concern or my thought. I'm going to be asking Mr. Maloney about this, too, of course. But it looks to me as if you're right, that this case seems to be entirely moot. But even if you're basically right about that, is this a case where we should remand this to the district court with instructions to just dismiss the case as moot? Or are there fact findings that may need to be made? In other words, should we vacate and remand to the district court to ask the district court to address the mootness issue in the first instance? Because there are things you're telling me now about the MTA regulations and the possibility, at least theoretically, that some violation of that could lead to a disorderly conduct charge or something like that. But it's not going to happen because both the district attorney and the police department don't use this test anymore. But is that something that isn't that all this has happened since the district court ruled, right? That's true, your honor. So I bring the court back to another point that I raise in my brief, which is that these regulations have existed since the inception of this case. This is not a situation where a law is repealed mid litigation and replaced by a plaintiff is claiming some residual interest under the new framework that understandably he didn't assert before because it didn't exist. In order to properly challenge the regulations, the plaintiff needed to include them in his complaint. In six years of litigation, we haven't heard anything about them. We're seeing them for the first time in a footnote in an appellate brief. And I think this is particularly significant, your honor, because the regulations that apply within the subway, which is where the plaintiff was only as a violation, not a criminal offense. And therefore, had they even been part of this case since the beginning, they would have been subject to a different vagueness analysis than the former criminal statute. If your honor looks at the complaint, I'm referring to the ninth cause of action. There is one claim pled against the district attorney. It seeks a declaratory judgment that the former criminal statute was unconstitutional as applied to a certain category of knives. That relief is plainly no longer appropriate because the statute has been repealed, and so the case is moot and it should be vacated with instructions to  I see, your honor, that my time is already up. You have reserved two minutes for rebuttal, so you will have time to conclude any thoughts. Good morning, your honor. James Maloney for the appellee, Joseph Krakow. First of all, I should point out that the mention of the regulations was not raised for the first time as a footnote in the brief, but in fact was briefed rather thoroughly in a response to a motion by the appellant to vacate the decision below. OK, but let's cut to the let's cut to the chase. Mr. Maloney, you filed a lawsuit to get a declaratory judgment that a particular statute was unconstitutional. That statute no longer exists. Congratulations to you. You got the law changed. End of story. Right. And what what what makes this not moot? What makes it not moot is that the risk test, the unconstitutional part of the statute was based on the definition at two sixty five zero zero sub five, which remains good law remains on the books. So the declaration to what is the definition attached to? At this point, the definition is, I guess I would say free floating. However, this is a court of appeal. And if there are factual issues that relate to future attachment by MTA, I guess that's as as your honor said, Judge Pooler, you said that you're not a court. You don't find facts and you can't micromanage virtually from the 17th floor, as Judge Lynch said. So I think that if the facts are relevant, it probably should be a at the point of trying to understand why that fact is relevant to the lawsuit that you brought. The lawsuit that you brought asked for a particular statute to be found unconstitutional, right? You did. And the statute and that statute doesn't exist. That's not entirely correct. What still exists is the definition. And the definition was exactly what was adjudicated. The risk test is based on a definition which says that a gravity knife is one that can be opened by gravity or centrifugal. And how could how could a defendant be harmed? Someone you might represent eventually by by the definition without any enforcement attached to it. I think we're looking at this a little bit backwards. Those questions are standing questions at inception. At this point, we have an opinion that offers guidance about the interpretation of that definition to vacate. If this if this case had been if the legislature repealed the statute the day before you filed your complaint, it would be moot then, right? Absolutely. So why is it changed? I mean, a case of controversy has to exist all the way through. That's pretty much Hornbook law. And that's what happened in New York Rifle in the Supreme Court. That's exactly what they did. Now, in that case, they did send it back. And that's why this becomes an interesting, potent, theoretically interesting issue. They said it goes back to us and then ultimately to the district court to see whether it's really, really, truly, you know, really and sincerely dead, as they say in the Wizard of Oz, or just sort of dead. But I'm not sure, given the nature of the complaint that you filed, that that's true here, that there's any issue as to that. In fact, you just said that if this had happened before the suit was filed, you wouldn't have had standing or the case would have been moot or at any rate, there would be no case or controversy. So am I wrong that the law is that the case or controversy has to continue throughout the entire existence of the case? I think that there may be some some openings that in the issue that you're framing that vacature would not be appropriate. In other words, here we have a decision that at the time rendered addressed a real life case of controversy. But it doesn't now. Excuse me. It doesn't now. And if we have to decide, I mean, we could decide that you're wrong about the and the district court was wrong. Or we could decide that, yes, the district court was right. And if we did that, would we not be rendering an advisory opinion? Would it be an advisory opinion to affirm this is your question? Sure. I think it would not. The reason it would not is simply because the potential exists for the statute as the existing definition to be used. And there has been some evidence. Even that the definition does not include the risk test. Right. I mean, that's just what historically was applied and applied by the police. And then I guess by the courts of New York in enforcing particular statutes. Correct. The risk test tags on to the centrifugal force aspect of the definition. And for many years, there was clear vagueness as a result. That's the phrase clear vagueness. But it was vague because no one knew if a given knife was going to be able to be opened by a police officer by means of the risk foot test. I would even be clear that if the legislature tomorrow made some law about gravity knives, that the judicial interpretations of that statute would still apply to the new prohibition. If the new law about gravity knives tagged on to the existing definition, which I assume it would, then the opinion of the court below would guide enforcement of it as to the risk test. So it would be an advisory opinion by the district court to the legislature about what they should do if they want to prohibit gravity knives again. But it was not an advisory opinion at the time. It was rendered. OK, got it. I think it's kind of important to put this in perspective as to the the nature of the decision made below and and the put it this way. The declaratory relief sought was very specific. I should point out the Copeland case was really based on the idea that it was a facial challenge. Judge Katzmann's opinion indicated clearly that it was interpreted as a facial challenge. This is an as applied vagueness challenge as applied to what as applied to readily. But isn't there a factual dispute in this case? This is what I understand about the district court opinion. If we are going to talk about the merits, why isn't this also something other than an as applied challenge? Because as applied means as applied to particular facts and the facts here are in dispute. It could very well be that the very knife that we're talking about did open on the first flick and that's yet to be determined. The party's waived any further adjudication of those facts and proceeded to summary judgment. My take on it, if you will, is that since the accusatory instrument failed to indicate how many tries it was on a material fact because the question that that again goes back to the criminal case we're talking about going forward. If we're going to talk about this particular knife, don't we have to know whether the standard that you suggest is appropriate? Applied as applied to this case. No, we don't, because the accusatory instrument didn't indicate whether that standard was applicable. The standard practice of the prosecution of these matters was to charge first without any indication of how many tries it took as the rather declaration indicates that appendix 269. I believe the D.A. believes that nothing ever went forward if it took more than two. But that doesn't mean no arrests were made if it took more than two. So someone was dragged into the criminal justice system, charged with a crime, and then adjudication of facts might indicate that it took more than two tries. There was no policy of putting the number of tries into the accusatory instrument here. That was the entire crux of my reasoning behind why I felt resolving that dispute of fact was not important because it was not a material issue of fact. There was a dispute. But if there's if if it doesn't matter what the facts were, why is this being tried as an applied case rather than a facial vagueness? Because why isn't it the same as as the case was in in Copeland? If it doesn't matter what the facts were. I won't say it doesn't matter what the facts were. A different fact is what matters. The fact that matters here. But the district court, the district court said there there is a there is a sharp dispute as to what the facts are. But the parties have agreed that it doesn't matter. What doesn't matter is is the is the final adjudication of whether it took six tries, as my client and the witness argued, or whether it took fewer, as the officer later stated. The reason that doesn't matter is because the accusatory instrument left that out. The point is, though, that if a knife doesn't open on the first few tries or the first try, whatever standard we need to apply, it is some indication of the vagueness of the statute because there's too much variability if if the statute can be applied to any knife, no matter how many tries it takes to open. This was really, I think, an attempt by the court below to solve a vexing problem that had existed in New York for pretty much a decade. And it was not a perfect solution. I think the repeal was much more effective. Of course, I don't that occurred only two months after the decision. And in fact, Governor Cuomo declined to veto this third attempt by the legislature because of this decision. Just my last question, Mr. Maloney, is are you asking us to address the merits or are you conceding that anything we would do in the case is moot as to anything we would do? I would not concede that it's moot as to anything you would do. I think addressing the merits at some level is appropriate for this court to do. It need not examine certain aspects of the merits because those aspects no longer in play. Would this court's decision be an advisory opinion? That is a fine question. That is a difficult question to answer with a simple yes or no. This case in that regard, I think, is sui generis. It was not an advisory opinion when rendered, nor is it clearly moot yet because we don't know what other rules, for example, the MTA rules might tag off of the existing statute. I think it presents a vexing question for us all in that regard. And I guess my bottom line, and I see I've run out of time, so I'll try to address that summarily, is that the decision should stand because the definition stands and it advises advises, yes, of what the definition means. It was not an advisory opinion when rendered. And I think it would be inappropriate for this court to vacate it or if the court reverses on the merits, that's a different question. But I think it should be addressed on the merits. And of course, I urge this court to affirm it. Thank you. Thank you, counsel. Ms. Krasner, you reserve two minutes for rebuttal. I'm going to limit my rebuttal to making two points. First, I want to address the issue of vacature. The plaintiff seems to be arguing that the district court opinion shouldn't be subject to an advisory opinion. That's true, but it's irrelevant to whether there's a continued case or controversy. The requirement that we have a controversy at every stage of the litigation and the remedy of vacature exists for precisely this purpose to frustrate an appellant, here me, from seeking review of an untested district court opinion, which is exactly what would happen in this case without vacature. And second, I want to talk about this point of the fact that there was a dispute in this case, and the significance of that dispute. The events of the plaintiff's arrest were material to his motion, to the success of his summary judgment motion, and ultimately to his claim. He's trying to prove an unfair application of the law, but he hasn't proven the key fact that he alleges created that unfairness. The statute would not have been vague as applied to a knife that opened on every application of the test, which is what the officer said. But at the same time, the resolution of this dispute was not material to the district attorney's motion. In fact, it was the precise existence of this dispute, which created a factual issue for a criminal jury. That is precisely what rendered this case no different from any other application of the penal law. This type of discretion is routinely exercised in criminal cases, whether it's a dispute between a defendant and a police officer, a defendant and his victim, a defendant and some other civilian witness who has incriminating information. And these types of disputes don't, after the fact, render application of the penal law vague. Because the plaintiff did not show that the DA applied the statute unfairly, he was not entitled to summary judgment. And because the evidence precluded such a showing, the district attorney was. Thank you, Your Honor. Thank you both for a reserved decision.